CHARLES VAN HORN *et al.*

*v.*

CALEB C. BURROUGHS *et al.*

1. ACTION—*before expiration of conditional credit.* When the plaintiff performs work for a defendant under a contract to give a certain time for the payment of the price, upon condition that defendant will give his note bearing a certain rate of interest on the completion of the work, which he refuses to do, the price will become due upon the completion of the work, and suit may be brought before the expiration of the proposed credit.

2. PLEADING— *where plaintiff must declare specially.* Where goods are to be paid for by bill of exchange, or promissory note, and the defendant has refused to give it, if the suit is brought before the expiration of the credit, the plaintiff should declare specially.

3. But where work is done under an agreement to extend the time of payment to a given time, upon condition that a note shall be given bearing interest, upon the completion of the work, a failure to give the note will authorize the bringing of suit at any time thereafter, and in such case the plaintiff need not declare specially.

4. INSTRUCTION. Where there is any evidence bearing upon a question it is not error to give an instruction based upon the fact sought to be established by such evidence. The weight of the evidence is a question for the jury.

5. EVIDENCE—*credit by mistake in account.* Where the plaintiff, in the copy of his account filed with his declaration, by mistake had given de-

fendant a credit of one hundred dollars, and defendant knew some time be-fore the trial that the credit was claimed to have been made by mistake: *Held*, no error to allow the plaintiff on the trial to explain the credit

APPEAL from the Circuit Court of Macon County; the Hon. ARTHUR J. GALLAGHER, Judge, presiding.

Messrs. EDEN & ODER and Messrs. NELSON & ROBY, for the appellants.

Messrs. CREA & EWING, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is sought to reverse the judgment in this cause on two grounds, first, that the court erred in refusing and giving in-structions, and, second, that the court erred in admitting im-proper evidence.

The instructions given at the instance of the appellee, to which exceptions were taken, state, in substance, that if the plaintiff agreed with the defendants that the defendants should have till the first day of August, 1870, in which to pay for the work and labor done at their request, provided the defend-ants, on the completion of the work, would give their note bearing interest, and the defendants, when requested, refused to give their note, then the plaintiffs had the right to institute a suit for the price and value of their work before the first day of August.

The instruction asked by the appellants, which the court refused to give without a modification, asserts the principle, that if any part of the plaintiff's claim would not become due till the first day of August, 1870, by the agreement of the parties, and that the defendants agreed to give their note to the plaint-iffs, bearing a certain rate of interest, and afterward refused to give such note, yet the plaintiffs could not recover on the common counts for refusal to execute such note.   The qualifi-cation added to this instruction by the court made it conform

to the principles stated in the instructions given for the appellees above referred to.

It is first objected that the hypothetical case stated in the instructions given for appellees, does not exist in the evidence, or, in other words, that there is no evidence upon which such instructions could be properly based.

Upon inspection of the record we find that there is some evidence on the question stated in the instructions, and that is sufficient to answer the general rule that instructions should be based on the evidence.    What weight should be given to that evidence was a question for the jury and not for the court.

It is further objected, that if credit to a certain day was to be given for the work done, and the appellants agreed to give their note, and afterward refused to execute and deliver the note, that would not authorize the appellees to recover on the common counts.    We do not think that this objection is at all strengthened by the allusion to the common law principle, that if goods were to be paid for by bill of exchange or promissory note, and the defendant refused to give it, the declaration should be special.    1 Chitty Pleading, 347.

That principle is not applicable to the facts in the case before us.    In this case no credit was contracted for or given, except upon condition that the appellants would give their note bearing a certain rate of interest.    Having failed to give the note, no credit in fact was given, and hence the work was to be paid for as soon as completed, and the suit could properly be instituted at any time after the completion and delivery of the work.    The evidence will bear this construction, and it is doubtless the view that the jury took of it.    There was, therefore, no error in the court in modifying the instruction asked for by the appellants, or in giving those asked by the appellees.

The second error suggested, viz.: that the court erred in admitting improper testimony, we think is wholly untenable.

Under the statute, the plaintiff is not required to file with his declaration a copy of the credits to which the defendants

would be entitled on the trial, and which he might be willing to allow. It is a sufficient compliance with the statute for the plaintiff to file a copy of his account against the defendant.

It distinctly appears from the evidence that the appellants knew, some time at least before the trial, that the appellees claimed that the credit of $100, which had been placed on their books to the credit of appellants, had been placed there by mistake, and they could not have been surprised when on the trial the appellees offered the evidence, to which objections were taken, to explain that credit. The evidence was admissible and proper, and it is not perceived how any objection could have been sustained to it.

Perceiving no error in the record the judgment must be affirmed.

*Judgment affirmed.*